# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-4470

_____

Keith Lamar Blackwell

*Plaintiff - Appellant*

v.

Charlie A. Dooley, County Executive; Garry W. Earls, Chief Operating Officer; Herbert Bernsen, Director, St. Louis County Justice Center; Gerald Kramer; Dolores Gunn; Unknown Rodnick, Head Doctor; Rita Hendrix, Nurse Manager; Philip Wenger; Janet Duwe; F. Rottnek; Andrew Moore

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 22, 2018
Filed: January 25, 2018
[Unpublished]

_____

Before GRUENDER, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Keith Blackwell, a former pretrial detainee at the St. Louis County Justice Center, appeals an adverse decision by the district court[1] granting summary judgment on his deliberate-indifference claims against a doctor and a pharmacist at the St. Louis County Justice Center.[2]

Upon careful *de novo* review, we conclude that the district court's decision was proper. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012) ("We review summary judgment de novo, viewing the record in the light most favorable to the non-moving party."). The record established beyond genuine controversy that the medical treatment Blackwell received did not rise to the level of deliberate indifference and that Blackwell merely disagreed with the treatment he received. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (explaining that, to prevail on a claim of deliberate indifference, a pretrial detainee must show more than even gross negligence); *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (noting that an inmate's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation"). Moreover, Blackwell did not establish that he suffered any detrimental effect from the alleged delays in his medical treatment. *See Jackson v. Riebold*, 815 F.3d 1114, 1119-20 (8th Cir. 2016) (stating that an inmate must place verifying medical evidence in the record to establish the detrimental effect of a delay in medical treatment).

Accordingly, we affirm. *See* 8th Cir. R. 47B. We also deny Blackwell's pending motions as moot.

_____

[1] The Honorable Noelle Collins, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2] The dispositions of Blackwell's other claims were not meaningfully challenged on appeal either in his original opening brief or in his amended opening brief. *See Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 634 (8th Cir. 2007).